IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BOGUSLAW JANUSZEWSKI**, on behalf of himself and all other employees similarly situated, known and unknown, | |
| Plaintiff, | No. 08 CV 2474 |
| v. | |
| **GRANITE CITY COMPANY**, an Illinois corporation, **JANUSZ AUGUSTYN**, individually, and **JOLANTA AUGUSTYN**, individually, | Judge Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |
| Defendants. | |

## INITIAL JOINT STATUS REPORT

The parties jointly submit their initial status report as follows.

**A. NATURE OF THE CASE**

1. **Nature of Claims.** The plaintiff brings this case as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The plaintiff also brings supplemental claims pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*., and the Attorneys' Fees in Wage Actions Act, 705 ILCS 225 *et seq*.

2. **Jurisdiction.** Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

3. **Relief Sought.** The plaintiff seeks to recover all unpaid overtime compensation, which is owed to him by the defendants under the requirements of the FLSA and relevant state statutes. The plaintiff does not yet have access to all the employment and payroll records

necessary to precisely ascertain the amount he is owed, but estimates he is owed between $24,000.00 and $28,000.00 in unpaid overtime compensation. Then, pursuant to the FLSA, the plaintiff seeks to recover liquidated (double) damages, attorneys' fees and costs. Additionally, the plaintiff seeks to provide notice of this action to similarly situated employees of the defendants in accord with the "opt-in" procedure set forth in section 16(b) of the FLSA. The defendants dispute the plaintiff's claim regarding the number of hours worked. Finally, the plaintiff asserts that the defendants are estopped from raising statute of limitations and *res judicata* as defenses because he claims the defendants threatened him with violence (see number 5 below).

4. **Service.** Notice of this action and the upcoming settlement conference was mailed to the defendants and counsel for all parties have been in communication. The plaintiff has set summonses and the amended complaint with a special process server. Also, as indicated above, the plaintiff seeks to provide notice to similarly situated employees pursuant to the FLSA's opt-in notice procedure.

5. **Legal Issues.** The biggest legal issues surround the equitable estoppel claim presented in Count IV of the plaintiff's amended complaint. The plaintiff claims he had abandoned an earlier (*pro se*) lawsuit because the defendants threatened him with violence if he did not drop the suit. Accordingly, the plaintiff alleges that the defendants are estopped from raising statute of limitations and *res judicata* as defenses. The defendants deny threatening the plaintiff, and have alleged (informally through counsel) that the plaintiff is the one who had threatened them.

6. **Factual Issues.** Major factual issues include the following: whether or not the defendants threatened the plaintiff; if so, whether or not the plaintiff relied upon the threats; the

number of hours the plaintiff worked; the "bookend" dates of the plaintiff's employment; the plaintiff's rate of pay; and, the amount the defendants paid the plaintiff. If the case is not amenable to early settlement and notice issues, factual issues regarding which employees are similarly situated to the plaintiff may arise.

B.   **PROPOSED SCHEDULING ORDER**

1.   The parties have attached a proposed Rule 16(b) order as **Appendix A**.

C.   **TRIAL STATUS**

1.   The plaintiff has filed a jury demand.

2.   The parties anticipate a 5-day trial.

D.   **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

1.   The plaintiffs will consent to proceed before the assigned Magistrate Judge for all matters including trial. The defendants have indicated they need more time to consider the issue.

E.   **SETTLEMENT STATUS**

1.   The parties' attorneys have discussed settlement preliminarily. However, the defendants have only recently retained counsel and have indicated they need more time to evaluate the case. The plaintiffs' attorneys could also benefit from additional time in light of the

fact that there is a language barrier (the plaintiff is not a native speaker of English).

                                                 Respectfully submitted,

| /s/Paul Luka | /s/Howard Stein (approved via e-mail) |
|---|---|
| One of Plaintiff's Attorneys | One of Defendants' Attorneys |
| Roy P. Amatore, Esq. | Howard J. Stein, Esq. |
| Paul Luka, Esq. | 70 W. Madison, Suite 2100 |
| AMATORE & ASSOCIATES, P.C. | Chicago, IL 60602-4253 |
| 120 S. State Street · Suite 400 | 312.726.4514 |
| Chicago, IL 60603 | |
| 312.236.9825 | |

# Appendix A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BOGUSLAW JANUSZEWSKI**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>                Plaintiff,<br>      v.<br><br>**GRANITE CITY COMPANY**, an Illinois corporation**, JANUSZ AUGUSTYN**, individually, and **JOLANTA AUGUSTYN**, individually,<br><br>                Defendants. | No. 08 CV 2474<br><br>Judge Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

## AGREED RULE 16(b) SCHEDULING ORDER

The parties being in agreement and the Court being advised in the premises, IT IS HEREBY ORDERED:

1. The defendants shall have until and including **August 15, 2008**, to file an answer to the amended complaint or otherwise defend.

2. Initial Rule 26(a)(1) disclosures are due from both parties by **September 1, 2008**.

3. The parties shall propound initial written discovery requests by **October 3, 2008**.

4. The parties/plaintiff shall file a motion to authorize notice by **November 28, 2008**, agreed or otherwise.

5. Fact discovery shall be completed by **April 30, 2009**.

6. Reports from retained experts under Fed R. Civ. P. 26(a)(2) shall be filed by **July 3, 2009**.

7. Evidentiary objections to another party's expert witness shall be filed by **July 31, 2009**.

8. Rule 26(e) supplements are due by **August 14, 2009**.

9. The last date for filing potentially dispositive motions shall be **August 21, 2009**.

10. The parties shall be ready for trial by **October 5, 2009**.

                              ENTER:

Date:_____,2008       _____
                                        JUDGE